UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAJ K PATEL,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | CASE NO. 2:24-cv-00130-JHC<br><br>ORDER TO SHOW CAUSE |

Before the Court is *pro se* Plaintiff Raj K Patel's complaint. Dkt. # 8. In the complaint, Plaintiff asserts the following claims against Defendant Microsoft: "Breach of Contract"; "Breach of the Doctrine Implied Covenant of Good Faith and Fair Dealing"; "Fraud in the Inducement"; "Fraud"; "Products Liability"; "Breach of Warranty"; "Strict Liability – The Law Merchant"; "Negligent Breach of the Int'l Covenant of Civil and Political Rights"; "Breach of the Indiana R.F.R.A."; and "Breach of the United States R.F.R.A." Dkt. # 8 at 2–5. While the complaint does not explicitly state the basis for the Court's subject matter jurisdiction, the Court assumes it asserts diversity jurisdiction as it addresses Plaintiff's citizenship, the citizenship of Defendant Microsoft, and the alleged amount in controversy. Dkt. # 8 at 1, 5.

ORDER TO SHOW CAUSE - 1

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Diversity jurisdiction exists when a lawsuit arises between citizens of different states and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332.

If a federal district court determines that it lacks subject matter jurisdiction at any time during a dispute, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987). The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). At the pleading stage, a plaintiff can meet this burden by pleading sufficient allegations to show a proper basis for the court's subject-matter jurisdiction over the action." *See Gigi's, Inc. v. Gina Butler*, No. CV2003134ABPJWX, 2020 WL 5498069, at *1 (C.D. Cal. June 23, 2020) (first citing *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)); and then citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 n.10 (1938) (stating that a plaintiff must "allege with sufficient particularity the facts creating jurisdiction")).

If the plaintiff originally files in federal court, 'the amount in controversy is determined from the face of the pleadings.' *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir.2000). "The sum claimed by the plaintiff controls so long as the claim is made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 288).

"[M]aking a claim in 'good faith' means that a plaintiff's 'estimations of the amounts recoverable must be realistic. The inquiry should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Choudhuri v. Wells Fargo Bank, N.A.*, No. 15-cv-03608-VC, 2016 WL 3212454, at *3 (N.D. Cal. June 10, 2016) (internal quotation marks and citation omitted). "Even

ORDER TO SHOW CAUSE - 2

in liberally construing a complaint, the Court must still have some allegations from which it 'may infer a good faith basis for recovery of damages in such an amount.'" *Gigi's, Inc.*, 2020 WL 5498069, at *2 (quoting *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156 (S.D.N.Y. 1991)).

Courts may reject "conclusory, unsupported statement[s]" regarding alleged amounts in controversy. *Id.*; *see, e.g., Choudhuri*, 2016 WL 3212454, at *3 ("[Plaintiff's] bald assertion that the amount in controversy is 'approximately $1 million' is insufficient to establish that the amount in controversy actually exceeds the jurisdictional threshold"); *Kumvachirapitag v. Gates*, No. 12–5075 JSC, 2012 WL 5835730, at *1 (N.D. Cal. Nov. 15, 2012) (dismissing for lack of subject-matter jurisdiction because "even if Plaintiff did seek the many 'septillions' of dollars listed in the Amended Complaint as damages, he failed to link these claims to any loss he has suffered due to an action by the Defendants").

Plaintiff seeks damages in the amount of "$336,000,000 to $7 billion (seven billion dollars) ($1 per person in the world)[.]" Dkt. # 8 at 5. But the complaint fails to link the asserted claims with the alleged amount in controversy. Plaintiff's conclusory statement, unsupported by additional details, does not meet the burden of establishing the requisite amount in controversy.

For these reasons, the Court ORDERS Plaintiff to show cause why this matter should not be dismissed for lack of subject matter jurisdiction. If Plaintiff fails to provide the Court with the information within fourteen (14) days of this order, the case will be dismissed with prejudice.

Dated this 23rd day of February, 2024.

John H. Chun
United States District Judge

ORDER TO SHOW CAUSE - 3