UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAJ K. PATEL,<br><br>         Plaintiff,<br><br>   v.<br><br>MICROSOFT CORPORATION ,<br><br>         Defendant. | CASE NO. 2:24-cv-00130-JHC<br><br>ORDER |

      Before the Court is Plaintiff Raj K. Patel's complaint against Microsoft Corporation, Defendant. Dkt. # 8. Magistrate Judge Michelle Peterson granted Plaintiff's motion to proceed in forma pauperis (IFP). Dkt. # 7. A complaint filed by a plaintiff proceeding IFP is subject to a mandatory sua sponte review and the court "shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

      Plaintiff seems to allege that he used Microsoft's search platform Bing to search for information on the United Kingdom Prime Minister Rishi Sunak. Dkt. # 8 at 2. He alleges that

ORDER - 1

Bing's search results did not display Sunak's "varna/caste information." *Id.* He brings ten causes of action:

(1) "Breach of contract": He alleges that he entered into a contract with Defendant when he used Bing. He alleges that "Microsoft promised to present practically any public information in the world through Bing, including but not limited, to politically salient information like United Kingdom PM Sunak's varna/caste information." Dkt. # 8 at 2.

(2) "Breach of the Doctrine Implied Covenant of Good Faith and Fair Dealing": He alleges that Bing displays the caste information for the Prime Minister of India and Plaintiff relied on the Bing search since a Google search did not show the caste information he sought. Dkt. # 8 at 2–3.

(3) "Fraud in the Inducement" of contract formation. *Id*. at 3.

(4) "Fraud" "under the contract by intentionally acted with complete disregard to the truth." *Id*.

(5) "Products Liability": He alleges that "Microsoft stated with all reasonable reliance and understand that Bing Search App will display PM Sunak's varna and caste information. As of January 30, 2024, PM Sunak's caste information is still not needly published by Bing as PM Modi's." *Id.* at 4.

(6) "Breach of Warranty": He alleges "Microsoft's 'as is,' 'with all faults,' and 'as available' warranty clause do not waive intentional discrimination or disparate treatment of public figures such as prime ministers or using its own hand in giving preference in publishing, censuring, restricting, or spinning information, including but not limited to, PM Sunak's varna/caste information." *Id.*

(7) "Strict Liability – The Law Merchant." *Id.*

(8) "Negligent Breach of the Int'l Convent of Civil and Political Rights":  He alleges "Microsoft failed to perform acts that a person of ordinary prudence would have done under the same or similar circumstances because it did not display PM Sunak's social/varna/caste origin information." *Id.*

(9) "Breach of the Indiana R.F.R.A":  He alleges "Microsoft unduly burdened [his] free exercise of religion by not ensuring that Sunak's varna/caste information was provided. Wherefore plaintiff demands judgment against defendant in dollars, interest and costs including but not limited to justifiable reliance damages." *Id.* at 5.

(10) "Breach of the United States R.F.R.A":  He alleges "Microsoft unduly burdened [his] free exercise of religion by not ensuring that PM Sunak's varna/caste information was provided. Microsoft has no compelling governmental interest." *Id.*

Plaintiff alleges that the lack of information on Sunak's "varna/caste information" on Bing injured him because it burdened "his free exercise of religion and subjective religious, political and intellectual pleasures, and burden[ed] on his own existence, anxiety, and depression and dissociative identity disorder (DID)." *Id.* at 2.  He also alleges he suffered "mental pain and suffering." *Id.* at 7.  Plaintiff seeks monetary damages in the amount of "$336,000,000 to $7 billion (seven billion dollars) ($1 per person in the world)." *Id.*  Plaintiff also seeks to require Microsoft to include Sunak's caste information on Bing. *Id.*  Plaintiff argues that Indiana law applies to this diversity case.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The statement should give the defendant fair notice of the plaintiff's claims; provide sufficient factual matter and "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009).  When a petitioner proceeds *pro se*, the Court must

"construe the pleadings liberally," but may not "supply essential elements of the claim that were not initially pled." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To plead a breach of contract, Plaintiff must plausibly allege that the existence of a contract. *Indiana Bureau of Motor Vehicles v. Ash, Inc.*, 895 N.E.2d 359, 365 (Ind. Ct. App. 2008). "An offer, acceptance, consideration, and a manifestation of mutual assent establish the existence of a contract." *Id.* (internal quotation and citation omitted). "To bring a contract into existence, an offer must be extended and the offeree must accept it, the communication of acceptance being crucial." *Id.* "Thus, a meeting of the minds between the contracting parties is essential to the formation of a contract." *Id.*

Plaintiff does not plead sufficient facts to allege that a contract was formed between Patel and Microsoft when Patel used Bing. Thus, as to count 1, 2, and 3, which are based on the formation of a contract, the Court dismisses without prejudice for failure to state a claim.

Federal Rule of Civil Procedure 9(b) imposes a higher pleadings standard for cases that allege fraud. "The complaint "must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1057 (9th Cir. 2023) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *In re Finjan Holdings, Inc.*, 58 F.4th 1048, 1057 (9th Cir. 2023) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)).

Here, Plaintiff's claims 3 and 4 for fraud fail to meet the heightened pleading standard, so the Court dismisses these claims without prejudice for failure to state a claim.

ORDER - 4

As to claims 5, 6, 7, and 8, Plaintiff's complaint fails to state a claim because it only states "an unadorned, the-defendant-unlawfully-harmed-me accusation," but contains no additional allegations regarding the alleged harm. *See Ashcroft v. Iqbal*, 556 U.S. at 678. The Court dismisses these claims without prejudice.

As to claim 10, the Federal Religious Freedom Restoration Act (RFRA) applies only to government actors. 42 U.S.C. § 2000bb-1(a). As to claim 9, the Indiana Religious Freedom Restoration Act, also applies only to "governmental entity statutes, ordinances, resolutions, executive or administrative orders, regulations, customs, and usages." Ind. Code § 34-13-9-1. Neither state nor federal RFRA apply to Microsoft's actions. Thus, the court dismisses claims 9 and 10 with prejudice for failure to state a claim.

For the forgoing reasons, the Court DISMISSES claims 1-8 of the complaint without prejudice for failure to state a claim upon which relief can be granted. The Court grants leave to amend only as to claims 1-8. The Plaintiff shall have 30 days in which to file an amended complaint. The Court DISMISSES claims 9-10 of the complaint with prejudice for failure to state a claim. Given the foregoing dismissal, the Court STRIKES Plaintiff's motions as Dkt. # 14 & 16. Given the rather outlandish nature of the legal theories advanced in the complaint, the Court will not entertain any further motions regarding service unless and until Plaintiff submits an amended complaint that survives *sua sponte* review.

Dated this 15th day of March, 2024.

*John H. Chun*
———————————
John H. Chun
United States District Judge

ORDER - 5